UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHONNA JANEAN HARDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-854-AGF |
| | ) |
| JERMAINE WINDHAM MENDOZA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon defendant Jermaine Windham Mendoza's notice of removal. For the reasons set forth below, this case will be remanded.

**Background**

In the notice of removal, Mendoza seeks to remove "the proceeding of Case Number: 16SL-PN03459, and the associated proceeding for the notice of criminal contempt." (Docket No. 1). Briefly, the case Mendoza references is an adult abuse case presently pending in the Twenty-First Judicial Circuit Court of Missouri.[1] It began on July 18, 2016 when plaintiff Shonna Janean Harden sought an *ex parte* order of protection against Mendoza. Mendoza was ultimately served with the order on October 3, 2016, and a full order of protection was entered on October 24, 2016. He filed a motion to set aside the order of protection, but it was denied. Harden subsequently filed a motion to hold Mendoza in contempt for violating the terms of the order of protection. That motion remains pending.

---

[1] *See* docket sheet, https://www.courts.mo.gov/casenet/cases/searchDockets.do, Case Number 16SL-PN03459. This Court takes judicial notice of this public state record. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records").

Here, Mendoza advances several bases for removal, and specifically: his due process rights were violated when Harden gave false testimony, the state court suppressed evidence, there was a biased atmosphere, state court judges mishandled state court proceedings, and motions he filed were denied. Mendoza also states he was given neither legal counsel "nor victim of crime support provided to myself the respondent." *Id.* at 1-2. Mendoza further asserts there were "biased judgements against me by the courts and plaintiff based upon unfounded accusations," and false statements by plaintiff to gain favor from the courts and suppress her past conduct. *Id.*

## Discussion

Removal is a statutory right outlined in 28 U.S.C. § 1441. "The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." *Peters v. Union Pacific R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (*citing* 28 U.S.C. § 1441(b)). A defendant may remove a state law claim to federal court only if the claim could have originally been brought in federal court. 28 U.S.C. § 1441; *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010). The procedures for removal are set forth in 28 U.S.C. § 1446, which provides, in relevant part, that a notice of removal must be filed within thirty days after the defendant receives a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b).

This Court has original jurisdiction over civil actions in which the parties are diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Removal based upon federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction may be invoked only where a federal question is presented upon the face of the complaint. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000). As the party

2

seeking removal, Mendoza has the burden of establishing federal jurisdiction, and this Court must resolve all doubts about federal jurisdiction in favor of remand. *See Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted).

First, Mendoza's notice of removal is untimely. As noted above, the case commenced in state court on July 18, 2016, and Mendoza was served on October 3, 2016. He filed the notice of removal on March 7, 2017, well past the thirty-day time limit, and he does not assert (nor is it apparent) that he was served with a pleading or other paper manifesting removability fewer than thirty days before March 7, 2017. *See* 28 U.S.C. § 1446(b)(3).

Even if Mendoza had timely filed the notice of removal, remand would be necessary because this action could not have originally been filed in this Court. Subject matter jurisdiction on the basis of diversity of citizenship cannot exist because both parties are Missouri citizens, and removal on the basis of federal question jurisdiction is unavailable because Harden's cause of action arises under state law. She initiated this case in state court by filing an adult abuse petition for an order of protection. This is not a topic that presents a federal question. While Mendoza alleges a series of due process violations in support of removal, they all relate to the judicial process in state court, not the actual cause of action. Because federal law did not create the cause of action and Harden's right to relief does not depend on resolution of a substantial question of federal law, removal on the basis of federal question jurisdiction is unavailable. *See In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) ("A federal question is raised when . . . federal law creates the cause of action" or the "right to relief necessarily depends on resolution of a substantial question of federal law").

The Court also concludes that *Younger* abstention is appropriate here because there are ongoing state judicial proceedings that implicate important state interests, and Mendoza does not argue that he lacks the opportunity to litigate these constitutional challenges in state court. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (internal citations omitted) (holding that *Younger* requires federal courts to abstain from hearing cases "when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.").

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Twenty-First Judicial Circuit Court of St. Louis County, Missouri.

**IT IS FURTHER ORDERED** that Mendoza's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **DENIED** as moot.

Dated this 1st day of May, 2017.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ /s/ Audrey G. Fleissig
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ AUDREY G. FLEISSIG
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ UNITED STATES DISTRICT JUDGE